UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: :
   MARY-JO A METAXAS :
      Debtor : CHAPTER 13
       :
   JACK N. ZAHAROPOULOS :
   STANDING CHAPTER 13 TRUSTEE :
      Movant : CASE NO. 1-25-bk-00096
       :
   MARY-JO A METAXAS :
      Respondent :

## TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN

AND NOW, this 4th day of March 2025, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced Debtor(s)' Plan for the following reason(s):

1. Debtor(s)' Plan violates 11 U.S.C. §1322(a)(1) and §1325(b) in that the Debtor(s) has not submitted all or such portion of the disposable income to the Trustee as required. More specifically,

Trustee alleges and therefore avers that Debtor(s)' disposable income is greater than that of which is committed to the Plan based upon the Means Test calculation and specifically disputes the following amounts:

    a. Plan payment calculation sum of Lines 34, 35, 36 and 45.
    b. Telecommunication services. Trustee requests verification of the amount on Line 23.
    c. Line 17 – involuntary deductions should be $0.00, not $2,141.00.
    d. Line 43 – inclusion of taxes owed is not appropriate.

2. Failure to properly state the liquidation value in Section 1B of the Plan. Trustee calculates it at $14,274.00.

3. Failure to properly state the minimum amount to be paid to unsecured creditors in Section 1.A.4. of the Plan, as required by the Means Test.

4. Statement of Financial Affairs #1 lacks description.

5. Trustee avers that Debtor(s)' Plan is not feasible based upon the following:

    a. The Plan is underfunded relative to claims to be paid.

6. Trustee avers that Debtor(s)' Plan cannot be administered due to the lack of the following:

    a. Debtor(s) has not provided to Trustee pay stubs for the month(s) of July 2024.

7. Trustee provides notice to the Court as to the ineffectiveness of Debtor(s)' Chapter 13 Plan for the following reasons:

   a. Clarification of vesting property. Because non-exempt equity exists, the Plan should provide for vesting at closing. Accordingly, the Plan violates §1325(a)(4).

WHEREFORE, Trustee alleges and avers that Debtor(s)' Plan cannot be confirmed, and therefore Trustee prays that this Honorable Court will:

   a. Deny confirmation of Debtor(s)' Plan.
   b. Dismiss or convert Debtor(s)' case.
   c. Provide such other relief as is equitable and just.

Respectfully submitted:

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY: /s/ Douglas R. Roeder
Attorney for Trustee

# CERTIFICATE OF SERVICE

       AND NOW, this 4th day of March 2025, I hereby certify that I have served the within Objection by electronically notifying all parties or by depositing a true and correct copy of the same in the Unites States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

BRAD J SADEK
SADEK AND COOPER
1500 JFK BLVD, SUITE 220
PHILADELPHIA, PA   19102-

                                          /s/Tammy Life
                                          Office of Jack N. Zaharopoulos
                                          Standing Chapter 13 Trustee