UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | Case No. 1:25-bk-00096-HWV |
| MARY-JO A. METAXAS, | : | |
| | : | |
| Debtor. | : | Chapter 13 |
| _____ | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Adv. Pro. No. _____ |
| | : | |
| MARY-JO A. METAXAS, | : | |
| | : | |
| Defendant. | : | |

**COMPRAINT TO DETERMINE DISCHARGEABILITY
OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(2)(A)**

The United States of America, on behalf of the Social Security Administration ("SSA"), by counsel, hereby respectfully files its Complaint to Determine Dischargeability of Debt, alleging as follows:

1. This is a core proceeding under 28 U.S.C. § 157(b).

2. This Court has jurisdiction over this matter under the provisions of 28 U.S.C. § 1334.

3. Venue is appropriate in the Middle District of Pennsylvania under 28 U.S.C. § 1409.

4. Debtor-Defendant Mary-Jo A. Metaxas ("Defendant") owes a debt to SSA that the United States, by and through SSA, alleges is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

5. As a creditor in Defendant's underlying Chapter 13 bankruptcy proceeding, the United States has standing to bring a complaint to determine dischargeability of its debt pursuant to 11 U.S.C. § 523(c)(1).

6. The Plaintiff consents to entry of a final order or judgment by the Bankruptcy Court pursuant to Federal Rule of Bankruptcy Procedure 7008.

## FACTUAL BACKGROUND

7. In October 2020, Defendant applied for SSA Disability Insurance Benefits ("DIB"), stating that she became unable to work in March 2020 due to a disabling condition, and was still disabled.

8. To establish entitlement to DIB, Defendant had to show that she was unable to engage in any substantial gainful activity by reason of a medically determinable impairment, which had lasted or could be expected to last for not less than 12 months. 42 U.S.C. § 423(d)(1)(A).

9. In December 2020, Defendant provided SSA a description of her activities of daily living, which did not include any work.

10. However, Defendant worked for the University of Pennsylvania Health System from the fourth quarter of 2020 through the first quarter of 2021, earning more than $20,000 during that period.

11. In March 2021, SSA informed Defendant that she was entitled to monthly DIB payments, and that she was required to tell SSA right away about any changes in the information that she gave SSA, including if she went to work, no matter how little she earned, and that a failure to report a change could result in an overpayment that she would be required to repay.

12. Defendant had less than $3,000 in earnings from the University of Pennsylvania Health System during the second quarter of 2021, but she resumed substantial work there by the third quarter of 2021, earning over $50,000 during the second half of 2021, and more than $140,000 per year in 2022 and 2023. However, she did not inform SSA at any time through February 2023 that she was working.

13. In February 2022, SSA sent Defendant a Form SSA-821-BK, which directed her to provide information about any recent work. Defendant never returned the form to SSA.

14. In January 2023, SSA sent Defendant a Notice of Proposed Decision concluding that, due to her work, she was no longer eligible for DIB beginning January 2022. This notice informed Defendant that she had ten days to submit further information before SSA made a decision, but she did not contact SSA at any time in January or February of 2023.

15. In March 2023, SSA sent Defendant a Notice of Disability Cessation concluding that, due to her work, she was no longer eligible for DIB beginning January 2022, and she was required to repay the $45,208.00 in DIB that she had received since then.

16. In July 2023, Defendant agreed to repay her DIB overpayment debt in installments.

17. Defendant's DIB overpayment debt has stood at $39,962.00 since her bankruptcy petition date of January 15, 2025.

# COUNT I
## NON-DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(2)(A)

18. The United States re-alleges each allegation set forth above in paragraphs 1 through 17 as if set forth fully herein.

19. Defendant filed her Petition for Relief under Chapter 13 of the Bankruptcy Code on January 15, 2025. (Dkt. No. 1.) She included SSA as a creditor in her Schedule E/F, Creditors Who Have Unsecured Claims, and stated that her debt to SSA was in the amount of $41,362.00. *Id.* at 25. However, as noted above, the correct amount of that debt is $39,962.00.

20. Defendant now attempts to discharge that debt in bankruptcy. (*Id.*)

21. A person receiving DIB has the duty to promptly report to SSA if their condition improves, if they return to work, or if their earnings increase. 20 C.F.R. § 404.1588 (Dec. 18, 2006).

22. Defendant knew or should have known that she was required to inform SSA of her work activity and earnings, and that her work activity and earnings could affect her eligibility to receive disability benefits.

23. Despite being repeatedly informed of her reporting responsibilities, Defendant knowingly and intentionally withheld information from SSA regarding her work activity and earnings from the fourth quarter of 2020 through February 2023, and continued accepting disability benefit payments from SSA.

24. SSA justifiably relied on Defendant to report any changes in her work activity and earnings. *See In re Pipkin*, 495 B.R. 878, 881 (Bankr. W.D. Ark. 2013) (noting that SSA relies on recipients reporting when employment starts because it is impossible with the existing

manpower to monitor each case; therefore, the government justifiably relied on the failure to report the employment).

25. Defendant's work activity and earnings resulted in her receiving $45,208.00 in benefits to which she was not entitled, and that overpayment debt currently stands at $39,962.00.

26. Defendant obtained her $39,962.00 debt to SSA based on false pretenses, a false representation, or actual fraud, and such debt should be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A).

WHEREFORE, the United States of America respectfully requests that this Honorable Court except from discharge Defendant's debt in the principal amount of $39,962.00 owed to the Social Security Administration, pursuant to 11 U.S.C. § 523(a)(2)(A); enter judgment against Defendant and in favor of the United States of America in the principal amount of $39,962.00; and award the United States such other relief as it deems equitable and appropriate.

Respectfully submitted,

JOHN C. GURGANUS
ACTING UNITED STATES ATTORNEY

*/s/ Ryann D. Loftus*
RYANN D. LOFTUS
Assistant United States Attorney
United States Attorney's Office
Middle District of Pennsylvania
235 N. Washington Avenue
Suite 311
Scranton, PA 18503
570-348-2853
Ryann.Loftus@usdoj.gov