UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
|   MARY-JO A. METAXAS, | : | |
|     Debtor | : | CHAPTER 13 |
| | : | |
| JACK N. ZAHAROPOULOS, | : | |
| STANDING CHAPTER 13 TRUSTEE, | : | |
|     Movant | : | CASE NO. 1-25-bk-00096-HWV |
| | : | |
| MARY-JO A. METAXAS, | : | |
|     Respondent | : | |

## TRUSTEE'S OBJECTION TO FIRST AMENDED CHAPTER 13 PLAN

AND NOW, this 14th day of July 2025, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, by and through his attorney Douglas R. Roeder, Esquire, and objects to the confirmation of the above-referenced Debtor's Plan for the following reasons:

1. Debtor's Plan violates 11 U.S.C. § 1322(a)(1) and § 1325(b) in that Debtor has not submitted all or such portion of the disposable income to Trustee as required. More specifically,

Trustee alleges, and therefore avers, that Debtor's disposable income is greater than that of which is committed to the Plan based upon the Means Test calculation and specifically disputes the following amounts:

    a. Plan payment calculation sum of Lines 34, 35, 36 and 45.
    b. Telecommunication services. Trustee requests verification of the amount on Line 23.
    c. Line 17 – involuntary deductions should be $0.00, not $2,141.00.
    d. Line 43 – inclusion of taxes owed is not appropriate.

2. Failure to properly state the minimum amount to be paid to unsecured creditors in Section 1.A.4. of the Plan, as required by the Means Test. Trustee calculates the Means Test minimum amount at $136,740.00.

3. Statement of Financial Affairs #1 lacks description.

4. Trustee avers that Debtor's Plan is not feasible based upon the following:

    a. The Plan is underfunded relative to claims to be paid.

5. Trustee avers that Debtor's Plan cannot be administered due to the lack of the following:

   a. Debtor has not provided Trustee paystubs for the month of July 2024.

6. Debtor's Plan violates 11 U.S.C. § 1322(b)(1) in that the Plan classifies unsecured claims but unfairly discriminates certain claims in the designation. More specifically, the Plan provides for payment of a claim to the Social Security Administration as a priority claim but provides no basis as to why the claim is entitled to priority treatment.

WHEREFORE, Trustee alleges and avers that Debtor's Plan cannot be confirmed, and therefore, Trustee prays that this Honorable Court will:

   a. deny confirmation of Debtor's Plan;
   b. dismiss or convert Debtor's case; and
   c. provide such other relief as is equitable and just.

Respectfully submitted:

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY: /s/ Douglas R. Roeder, Esquire
    Attorney for Trustee

## CERTIFICATE OF SERVICE

        AND NOW, this 14th day of March 2025, I hereby certify that I have served the within Objection by electronically notifying all parties or by depositing a true and correct copy of the same in the Unites States Mail at Hummelstown, Pennsylvania, postage prepaid, first-class mail, addressed to the following:

Brad J. Sadek, Esquire  
Sadek and Cooper  
1500 JFK Boulevard  
Suite 220  
Philadelphia, PA 19102

        /s/ Derek M. Strouphauer, Paralegal  
        Office of Jack N. Zaharopoulos  
        Standing Chapter 13 Trustee